UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Elridge Vanderhorst Hills, | ) | C/A No. 4:05-2679-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Kershaw Correctional Institution (KCI) Officers: | ) | |
| Campbell; | ) | |
| Vanderholt; | ) | |
| Collins; | ) | |
| Rennick; | ) | |
| Brown; | ) | |
| Lucas; | ) | |
| K.C.I. Inmate Grievance Coordinator, Amy Hardin; | ) | |
| SCDC Transportation Terminal Correction Officers: | ) | |
| Richardson; | ) | |
| Evans; | ) | |
| Davis; | ) | |
| Marcele Entzminger (Major); | ) | |
| Lt. Nas, Tiger River Correctional Institution; | ) | |
| Inmate Grievance Coordinator, Herb Johns; | ) | |
| Warden, Richard Smith; | ) | |
| Clinical Counselor, Lee C.I.,Tonya Yates; | ) | |
| Officer C. Tyner, L.C.I.; | ) | |
| Warden, K.C.I., Oscar A. Faulkenberry, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## I.  PROCEDURAL BACKGROUND

The plaintiff, Elridge V. Hills  ("plaintiff/Hills"), filed this action under 42 U.S.C. § 1983[1]

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

on February 4, 2005.  At all times relevant to the allegations in the plaintiff's complaint, he was an inmate with the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that his constitutional rights were violated. On March 3, 2006, the defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum, exhibits, and affidavits in support of that motion. (Document #33).   Because the plaintiff is proceeding pro se, he was advised on or about March 6, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint.  The plaintiff filed a response on April 6, 2006.

## II.  DISCUSSION

### A.  FACTUAL ALLEGATIONS

The plaintiff alleges violations for cruel and unusual punishment through the SCDC's improper and harassing searches and seizures and interference with his right of access to the courts. Plaintiff is suing seventeen (17) defendants who are current or former correctional officers and staff at three South Carolina Department of Corrections' (SCDC) institutions. Based on the affidavit submitted by the defendants of Janice Kenealy and the Classification Summary Report, plaintiff has been incarcerated in the SCDC since 1999 for crack distribution. In his complaint, plaintiff alleges four instances in which he states his rights were violated. First, plaintiff alleges SCDC officers confiscated one of his books during a June 7, 2002, search of another inmate's cell who had borrowed plaintiff's book and the book was not returned to him. Second, plaintiff alleges that during an institutional inventory, he was told that twenty-six of his magazines would have to be sent home,

2

but he was not given the opportunity to do so before they were confiscated. Third, plaintiff alleges

a book was taken from him during his transport to court on June 1, 2005, and was not returned to

him. Lastly, plaintiff alleges the Red Team searched his cell on August 16, 2005, and confiscated

several items from his cell. Plaintiff alleges denial of access to courts and a claim under the South

Carolina Tort Claims Act.

In their memorandum in support of summary judgment, defendants assert that this action

should be dismissed for failure to exhaust administrative remedies. Further, defendants contend that

plaintiff's claim regarding a June 7, 2002, search should be dismissed as the statute of limitations'

period has expired. As an alternative, defendants argue the case should be dismissed for failure to

state a claim, pursuant to the Eleventh Amendment, and based on qualified immunity.

## B.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to

fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v.

Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function

is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The

requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services,

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material

fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the

moving party makes this showing, however, the opposing party must respond to the motion with

"specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## C.  STATUTE OF LIMITATIONS

First defendants raise the defense of statute of limitations. Specifically, defendants argue that plaintiff's allegations with regard to a June 7, 2002, search should be dismissed for failure to file this claim within the applicable statute of limitations' period. In his response, plaintiff argues that this claim is not barred by the statute of limitations because he should have been allowed a continuance of 180 days to exhaust by Inmate Grievance Coordinator Amy Hardin. This argument by plaintiff is not clear.

It is settled that there is no federal statute of limitations for §1983 actions. Instead, the analogous state statute governing personal injury actions apply in section 1983 cases. *See* <u>Wilson</u>

4

v. Garcia, 471 U.S. 261 (1985). The statute of limitations for section 1983 causes of action arising in South Carolina is three years. *See* S.C. Code Ann. § 15-3-530(5); *see also* Simmons v. South Carolina State Ports Auth., 694 F.2d 64 (4th Cir. 1982) (citing to previous version of statute); Heyward v. Monroe, 166 F.3d 332 (4th Cir. 1998)(unpublished) (Table). Under South Carolina statute 15-3-535, "the statute of limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." True v. Monteith, 327 S.C. 116, 120, 489 S.E.2d 615, 617 (1997)(professional malpractice case).

Based on a review of the case, one of plaintiff's allegations is barred by the statute of limitations. Plaintiff alleges that a search of another inmates' cell on June 7, 2002, resulted in the officers confiscated a book that belonged to Hills and would not return it. Based upon evidence submitted by defendants, plaintiff filed a grievance #335-02 on June 24, 2002, and the final SCDC decision denying the grievance was received on October 10, 2002. There was no appeal to the Administrative Law Court. Plaintiff did not file this action in federal court until September 30, 2005. Therefore, this allegation pertaining to the 2002 search and confiscation of plaintiff's book is barred by the statute of limitations. The remaining allegations are not barred by the statute of limitations. In the alternative, the undersigned concludes that this issue has not been properly exhausted. *See* Woodford v. NGO, 2006 WL 1698937 (U.S.).

## D. EXHAUSTION

Defendants argue that plaintiff's claims should be dismissed for failure to exhaust his administrative remedies. Defendants assert that plaintiff must exhaust all administrative remedies

before filing suit. Defendants contend that the South Carolina Supreme Court has outlined the procedure a state prisoner must follow to obtain a review of an SCDC decision in non-collateral or administrative matters citing Al-Shabazz v. State, 338 S.C. 354, 376, 527 S.E.2d 742, 749 (2000). Defendants state that once the SCDC makes its final decision, the inmate has the right, in certain cases, to appeal to the State Administrative Law Division and thereafter to the South Carolina Circuit Court, Court of Appeals and Supreme Court.

Defendants submitted the affidavit of Mary Coleman who attests that she is employed by the SCDC as the Chief of the Inmate Grievances Branch. She sets as the detailed history of plaintiff's grievances with regards to the claims raised in this complaint and attached plaintiff's grievance forms. The following history is taken from Coleman's affidavit and plaintiff's pleadings and responses.

As to plaintiff's allegation concerning confiscated magazines during May 21, 2004, property inventory returned to him, plaintiff filed a grievance on June 28, 2005, which was returned unprocessed because it exceeded the 15 day time limit for filing grievances. On August 18, 2005, plaintiff filed a grievance alleging that clothes and other items were taken during a search of the cell on August 16, 2005, and requesting them back was unprocessed because plaintiff did not fill out the form properly and did not attempt informal resolution of the issue. Plaintiff was given five (5) days to correct and re-submit. It appears plaintiff did re-submit this grievance in that he filed another grievance on August 23, 2005, alleging clothes and other items were taken on August 16, 2005, and he requested them back. This grievance was unprocessed because there was not an attempt of informal resolution. The grievance was provided with explanation as to the requirements for informal resolution. (Grievance forms attached to both defendants' motion for summary judgment

6

and plaintiff's response in opposition).

In the recent United States Supreme Court case, Woodford v. NGO, supra, the Court held that the PLRA exhaustion requirement requires proper exhaustion. Within the decision, the Court stated that "Administrative law requires proper exhaustion of administrative remedies which 'means using all steps that the agency holds out, and doing so properly.' *Pozo v. McCaughtry*, 286 F.3d 1022, 1024." Id. Based on the evidenced provided, plaintiff has not exhausted all administrative remedies. As stated, plaintiff filed four grievances. One reached a final SCDC decision but plaintiff did not appeal to the Administrative Law Court. (Affidavit of Mary Coleman). The other grievances were returned unprocessed and plaintiff did not appeal. There is no evidence that plaintiff filed a grievance in regards to the alleged confiscation of his book during a transport to court. Therefore, it is recommended that this case be dismissed for failure to exhaust administrative remedies.

In the alternative, it is recommended that this case be dismissed for the reasons discussed below.

## E. ELEVENTH AMENDMENT IMMUNITY

Defendants argue they are not persons as defined by 42 U.S.C. §1983 and are entitled to Eleventh Amendment Immunity in their official capacity. Plaintiff asserts in his response that the defendants are not entitled to Eleventh Amendment immunity stating "In seeking an injunction, et. alia against what each defendant directly or indirectly participated in I named the defendants in their official capacities which in doing so does still render them as 'persons' as defined by 42 U.S.C. §1983 and doesn't allow them Eleventh Amendment Protection of Sovereign Immunity." (Response p. 6).

7

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest.  If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution.  Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under  § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity.  Will, supra at 70.  In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state.  State officials may only be sued in their individual capacities.

There is no dispute that the defendants were employees of the SCDC and, thus, state officials acting in their official capacity while employed by the SCDC. Therefore, they are entitled to Eleventh Amendment immunity from monetary damages.

8

## F.  CRUEL AND UNUSUAL PUNISHMENT/EIGHTH AMENDMENT VIOLATION

Defendants argue that plaintiff has not alleged facts sufficient to establish he was subject to cruel and unusual punishment in violation of his Eighth Amendment rights. Defendants state that plaintiff alleges he suffered cruel and unusual punishment because the SCDC uses searches to harass inmates. Defendants assert that plaintiff cannot recover for mental anguish and emotional harm without a prior showing of a physical injury.

In his response, plaintiff argues that he did suffer injury in that he sustained "non-routine discomfort" that was imposed upon him via their custom of implementing search and seizures that amounted to calculated harassment and out-of-pocket losses which were unrelated to any legitimate penological interest of security, good order, safety of discipline, . . ." (Plaintiff's response p. 8). Plaintiff further argues that pain is enough without physical injury and pain includes psychological harm.  Plaintiff alleges that the seizing of his books and other property caused him psychological harm and he suffered the monetary loss of the cost of the magazines and/or books.

Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. Conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). In addition, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Court of Appeals for the Fourth Circuit considered the case of Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993).  The Court in Strickler said that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant physical or mental harm. While any of

these conditions standing alone may not constitute cruel and unusual punishment, they may constitute Eighth Amendment violation if considered in aggregate, McElveen v. County of Prince William, 725 F.2d 954 (4th Cir.), cert. denied, 469 U.S. 819 (1984). However, to be considered in aggregate, conditions must have mutually enforcing effects that produces deprivation of single, identifiable need such as food, warmth, or exercise. Wilson v. Seiter, 501 U.S. 294 (1991). The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir., cert. denied, 510 U.S.949 (1993)).

This Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 9 (1980). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Complaint in the captioned case is subject to summary dismissal because plaintiff has failed to set forth a claim for which relief can be granted. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Svcs., 901 F.2d 387 (4th Cir. 1990).

Additionally, the inmate must show more than de minimis pain or injury. Id. at 9. Although a plaintiff need not show a significant injury, the court in Norman v. Taylor, 25 F.3d 1259, 1263 (4th

10

Cir. 1994), <u>cert. denied</u>, 513 U.S. 1114 (1995), held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is <u>de minimis</u>." Plaintiff has not shown more than <u>de minimis</u> pain or injury. Specifically, the plaintiff does not present any evidence that he suffered any injury resulting from the allegations that the jail was overcrowded or from having found a roach or strand of hair in his food. "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment." <u>Stickler v. Waters</u>, 989 F.2d 1375, 1381 (4th Cir. 1993).

"Extreme deprivations are required to make out a conditions-of-confinement claim . . . Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" <u>Strickler</u> at 1380 f.n. 3, quoting <u>Hudson v. McMillian</u>, 503 U.S.1,  - - -, 112 S.Ct. 995, 1000 (1992).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." <u>Strickler</u>, 989 F.2d 1375, 1379 (4th Cir. 1993), quoting <u>Williams v. Griffen</u>, 952 F.2d 820, 824 (4th Cir. 1991). "The Supreme Court has explained that the first showing requires the court to determine whether the deprivation of the basic human need was objectively "sufficiently serious," and the second requires it to determine whether subjectively "the officials act[ed] with a sufficiently culpable state of mind." <u>Strickler</u>, at 1379, quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, - - - , 111 S.Ct. 2321, 2324, 115 L.Ed 2d

11

271 (1991); Hudson, supra.

As to the first element, "in order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler at 1381. Plaintiff has not produced evidence of a significant physical or emotional injury.

As to allegations concerning improper search and seizure of his cell, plaintiff's claim fails. Prisoners have no legitimate expectation of privacy in their ells or in their possessions; hence Fourth Amendment is not applicable to searches in prison cells. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). As to plaintiff's claims as to improper searches of other inmate's cells, he does not have standing. To state civil rights claim, one must allege that he, himself, sustained deprivation of right, privilege, or immunity secured by the Constitution or federal law. Inmates v. Owens, 561, F.2d 560, 562-63 (4th Cir. 1977). Further, as to claims plaintiff may be alleging as to a Due Process violation due to confiscation of his property, the claim fails. When a deprivation results from random, unauthorized act of state employee, due process is satisfied by availability of adequate state post-deprivation remedy. Hudson, 468 U.S. at 533. Additionally, the loss of life, liberty, or property caused by negligence of state officials is not a deprivation within the meaning of the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 331-34 & n.3 (1986). SCDC has the grievance system and South Carolina has the South Carolina Tort Claims Act which would suffice as a post-deprivation remedy.

As previously discussed, plaintiff has failed to allege or show a serious physical or emotional injury that arises to a serious deprivation of a basic human need. Id. at 1379. Plaintiff has failed to show that he was denied a basic need based on his allegations. Plaintiff has failed to produce any

12

evidence of serious or significant physical or emotional injury resulting from his allegations. Plaintiff has only alleged that property was taken or confiscated and not returned which caused him psychological pain and monetary loss. Thus, plaintiff has failed to establish a 42 U.S.C. §1983 cause of action that the prison conditions violated his Eighth Amendment right to be free from cruel and unusual punishment. Therefore, it is recommended that summary judgment be granted with respect to the above issues complaining of conditions of confinement.

## G. GRIEVANCES

Plaintiff appears to make allegations concerning the grievance procedure. Plaintiff alleges that his grievances were not handled properly which denied him access to the courts. In his response in opposition to the motion for summary judgment, plaintiff argues that his First Amendment rights were violated by improper handling of his grievances. Plaintiff argues that the defendants obstructed and violated his First Amendment right of accessing the courts for redress of his grievances.

Based on the evidence presented, plaintiff received a response on the grievances he filed notifying him that they were being returned unprocessed with the reasons why and/or it was being denied. Thus, from the evidence presented, plaintiff received a response on all of his grievances as to why they were returned unprocessed or denied and plaintiff did not follow-up with what he was suppose to do with regards to the grievance. Plaintiff did not follow the grievance process based on the responses received. Additionally, it is recommended that these allegations be dismissed as there is no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

## H.  QUALIFIED IMMUNITY

Defendants argue that to the extent plaintiff raises claims against the defendants in their individual capacities, defendants are entitled to qualified immunity. In his response in opposition, plaintiff argues that the defendants allowed him to receive and accumulate the twenty-six (26) magazines, allowed him to leave the prison with his book to be transported to a PCR hearing, and allowed him to allow another inmate to read plaintiff's book during leisure time the defendants gave him. Thus, plaintiff asserts the defendants are liable individually and not entitled to qualified immunity. (Response p. 20).

Although the burden of showing immunity remains on the defendants, an early determination is desirable, since immunity provides complete protection from a lawsuit, including from extensive discovery or other preparation. When a defendant asserts that he or she is completely immune from suit, the court must consider whether the defense meets the standard set forth by various courts which have considered the issue. When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit.  Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it.  The defendants argue that they are entitled to qualified immunity in their individual capacity.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow, 457 U.S.

14

at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general of abstract level, but at the level of its application to the specific conduct being challenged. Moreover, the manner in which this [clearly established] right applies to the actions of the official must also be apparent. As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F. 3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824

(1985).

In Torchinsky v. Siwinski, 942 F. 2d 257 (4th Cir.1991), the Fourth Circuit Court of Appeals

explained the rationale for Harlow qualified immunity:

> The grant of qualified immunity to government officials ensures that these officials can perform their duties free from the specter of endless and debilitating lawsuits. Without such immunity, the operations of government would be immobilized. Permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.

Torchinsky, 942 F.2d at 260-261. (Citations Omitted).

The Torchinsky court further noted that "a particularly appropriate procedure for determining

15

an official's entitlement to qualified immunity is summary judgment." The <u>Torchinsky</u> court held

that an official's entitlement to qualified immunity is based upon an "objective reasonableness"

standard. "The very idea of reasonableness requires that courts accord interpretive latitude to

officials judgments." <u>Torchinsky</u>, 942 F. 2d at 261, citing <u>Sevigny v. Dicksey</u>, 846 F. 2d 953 (4th

Cir.1988). Therefore, a plaintiff may prove that his rights have been violated, but the official is still

entitled to qualified immunity if a reasonable person in the "official's position could have failed to

appreciate that his conduct would violate" those rights. <u>Torchinsky</u>, 942 F. 2d at 261, citing

<u>Collinson v. Gott</u>, 895 F. 2d 994 (4th Cir. 1990). As the Fourth Circuit explained in the case of

<u>Swanson v. Powers</u>, 937 F. 2d 965 (4th Cir.1991), "[o]nly violations of those federal rights clearly

recognized in existing case law will support an award in damages under 42 U.S.C. § 1983." 937 F.

2d at 967. Therefore, if a particular action by a state agency is deemed unconstitutional, the

defendant is entitled to qualified immunity, unless there is clearly established case law demonstrating

that the alleged conduct is violative of the Constitution.

In <u>Maciariello v. Sumner</u>, 973 F. 2d 295 (4th Cir. 1992), the Fourth Circuit Court of

Appeals further explained the theory of qualified immunity when it set forth that:

> Governmental officials performing discretionary
> functions are shielded from liability for money
> damages so long as their conduct does not violate
> clearly established statutory or constitutional rights of
> which a reasonable person would have known.
> Moreover, there are two levels at which the immunity
> shield operates. First, the particular right must be
> clearly established in the law. Second, the manner in
> which this right applies to the actions of the official
> must also be apparent. Officials are not liable for bad
> guesses in gray areas; they are liable for transgressing
> bright lines.

Maciariello, 973 F. 2d 295, 298 (4th Cir. 1992) (Citations omitted).

For a plaintiff to recover, he must show the defendants (i) violated a particular right clearly established in law, and (ii) the application of that right to the actions of the official must be apparent. The plaintiff in this case has not done so. The undersigned cannot conclude that the defendants in this case "transgressed bright lines . . . officials are not liable for bad guesses in gray areas." Maciariello, supra. Therefore, the undersigned recommends that the motion for summary judgment filed by the defendants be granted on the basis of qualified immunity.

## III.  STATE CLAIMS

Assuming plaintiff's § 1983 claim is dismissed by this Court, it is recommended that any state law claims ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

## IV. CONCLUSION

As set out above, it is RECOMMENDED that defendants' motion for summary judgment (doc. # 33) be GRANTED, to the extent that the first allegation be dismissed as barred by the statute of limitations and failure to exhaust and the remaining allegations be dismissed without prejudice for failure to exhaust his administrative remedies.

In the alternative, it is RECOMMENDED that this action be dismissed in that plaintiff has failed to show that defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983 and any state law claims be dismissed as well for want of jurisdiction..

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 27, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**