IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Eldridge Vanderhorst Hills, ) | C/A No.  4:05-2679-JFA-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Kershaw Correctional Institution (KCI) ) | |
| Officers; Campbell; Vanderholt; Collins; ) | |
| Rennick; Brown; Lucas; KCI Inmate ) | |
| Grievance Coordinator, Amy Hardin; ) | |
| SCDC Transportation Terminal Correction ) | |
| Officers; Richardson; Evans; Davis; Marcele ) | |
| Entzminger (Major); Lt. Nas, Tiger River ) | |
| Correctional Institution; Inmate Grievance ) | |
| Coordinator, Herb Johns; Warden Richard ) | |
| Smith; Clinical Counselor, Lee Correctional ) | |
| Institution, Tonya Yates; Officer C. Tyner, ) | |
| Lee Correctional Institution; Warden, K.C.I., ) | |
| Oscar A. Faulkenberry, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

1

is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC"). He brings this action pursuant to 42 U.S.C. § 1983 alleging violations for cruel and unusual punishment through the SCDC's improper and harassing searches and seizures and interference with this right of access to the courts. Specifically, plaintiff alleges that the defendants: (1) confiscated one of his books during a search of another inmate's cell; (2) confiscated and sent home 26 of his magazines; (3) confiscated one of his books during transport to a court hearing; (4) and confiscated several items from him during a search of his cell. Plaintiff also brings a claim of denial of access to courts and a claim under the South Carolina Tort Claims Act.

In a comprehensive Report and Recommendation, the Magistrate Judge suggests that defendants' motion for summary judgment should be granted. The Report adequately summarizes the facts of this matter and legal standards so such will not be repeated herein.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 27, 2006. The plaintiff filed a timely response to the Report and the court has conducted the required *de novo* review.

In his four-page objection memorandum, the plaintiff asserts that he has already presented his claims to the court and rebutted the defendants' summary judgment arguments and thus,

"there's no need to reargue or pose contradictory facts in response to these as before once again herein."  Because the plaintiff fails to specifically address any objections to the Report, the court is constrained to overrule the plaintiff's submission.

The Magistrate Judge recommends that the plaintiff's claim regarding the June 7, 2002 incident be dismissed.  The statute of limitations for § 1983 causes of action arising in South Carolina is three years.  The plaintiff filed this action on September 30, 2005,[1] more than three years after the alleged violation.  Therefore, as the Magistrate Judge correctly concludes, this claim is barred by the statute of limitations.

With regard to the remaining claims, the Magistrate Judge suggests that such claims should be dismissed as a result of plaintiff's failure to exhaust his administrative remedies.  The undersigned finds the Magistrate Judge's recommendation proper and the remaining claims are dismissed without prejudice.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court agrees that the plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), and thus he is precluded from bringing this § 1983 action.  Accordingly, the Report is incorporated herein by reference and defendants' motion for summary judgment is granted to the extent that the first allegation is dismissed as barred by the statute of limitations and the remaining allegations are dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies.  Because the

---

[1] Page 2 of the Report and Recommendation erroneously refers the filing date of the complaint as February 4, 2005.  The Report later correctly notes that the action was filed on September 30, 2005.

plaintiff's claims have been dismissed, the court declines to continue the action as to the pendent state claims and such claims are dismissed without prejudice.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

December 28, 2006
Columbia, South Carolina